### THE IRA S. BUSHEY, Inc.

#### No. 333.

Circuit Court of Appeals, Second Circuit.

June 17, 1941.

Christopher E. Heckman, Foley & Martin, and James A. Martin, all of New York City, for appellant.

Frank C. Mason and Mahar & Mason, all of New York City, for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The facts as the judge found them were as follows. The "Derby" backed with a line from her forward bitt to the mid bitt of the "Essex's" bow, the master or bargee of the "Essex" having stationed himself at her bow to give a signal when the barge should come into position. Both vessels had agreed that the "Derby" should stop at this signal, thus making the necessary slack in the towing line so that it might be cast off. The "Derby" followed out this agreement, backing with no unusual speed and stopping when she got the signal. The barge did not however stop at the proper place but came on and collided with the "Derby" whose way ran off more quickly than hers. The "Essex's" argument, which the judge accepted, is that the "Derby" should have backed again, after making slack in the line.

As the case comes to us it therefore raises a question of law, though it is often called a question of fact: that is, what duties the law imposed upon the parties upon these facts. We think that the "Derby" was not at fault in assuming as she did that the "Essex," when she reached the proper point along the bulkhead would stop herself, just as the judge found that she ought to have done; surely it would have been absurd to assume that she meant to run off her momentum at exactly the spot where the kerosene inlet and outlet came into register. It was certainly very difficult, if not impossible, for either the master of the "Derby," or her deckhand to tell in the dark just when the barge was in that position. Moreover, the "Derby" had every reason to suppose that when the time came, the "Essex" would check herself, and that this would happen before she covered the 50 feet between the two together with whatever distance the "Derby" herself should drift meanwhile. It is absurd to liken the situation to the ordinary case of a tug and tow, and we cannot see how the presence of pile clusters along the bulkhead essentially changed the situation.

Decree reversed; libel dismissed.